IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANK OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-CV-971-NJR-DGW |
| | ) |
| LAKEISHA ADAMS A/K/A | ) |
| LAKEISHA N. ADAMS, SECRETARY | ) |
| OF HOUSING AND URBAN | ) |
| DEVELOPMENT, and TOWNSHIP OF | ) |
| CASEYVILLE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on Plaintiff Bank of America, N.A.'s Motion to Vacate Judgment (Doc. 50). Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff seeks to vacate the Judgment and Order entered on October 6, 2014. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

### Factual and Procedural Background

On August 2, 2012, Plaintiff Bank of America, N.A., filed this residential mortgage foreclosure action in state court naming Lakeisha Adams (the borrower who defaulted on the note held by Plaintiff), the Township of Caseyville (who may hold liens on the property), the Secretary of Housing and Urban Development ("HUD") (who also claims a lien on the property), and unknown owners and non-record claimants (Doc. 1). The Secretary of HUD removed the case to federal court on

September 6, 2012 (Doc. 3).

On March 28, 2014, Plaintiff filed a Motion for Entry of Default Judgment (Doc. 32) (seeking default against Defendants Adams and Caseyville) and a Motion to Dismiss (Doc. 33) (seeking to voluntarily dismiss the unknown owners and non-record claimants). On March 31, 2014, the Court ordered that Plaintiff's Motion for Entry of Default would be treated as a motion for clerk's entry of default as to Defendants Adams and Caseyville (*See* Doc. 34). The Court further ordered that the docket would reflect that Plaintiff voluntarily dismissed the unknown owners and non-record claimants. On March 31, 2014, the Clerk entered a Default Entry by Clerk (Doc. 35).

On April 22, 2014, Plaintiff moved for summary judgment against Defendant HUD (*See* Docs. 37, 38). On May 6, 2014, HUD filed its response conceding that its lien was subordinate to Plaintiff's and seeking that the judgment of foreclosure list and prioritize all valid liens to protect HUD's claim as to any surplus funds realized from the sale of the subject property (Doc. 40). On August 4, 2014, this Court held a hearing on Plaintiff's Motion for Summary Judgment and granted the Motion on the record (Doc. 43).

On September 29, 2014, Plaintiff filed a Stipulation for Entry of Consent Judgment (Doc. 47) in which Defendant Adams consented to vesting absolute title to Plaintiff free and clear of all claims in exchange for Plaintiff waiving any right to a personal deficiency judgment. Pursuant to the Stipulation, Defendant Adams was to vacate the premises by December 10, 2014.

On October 6, 2014, this Court entered an Order (Doc. 48) and Judgment (Doc.

49) in Plaintiff's favor as against Defendant Adams based on the Stipulation. The Court further dismissed with prejudice all other named Defendants.

According to Plaintiff, sometime following the Court's October 6, 2014, Judgment, it attempted to obtain a title insurance policy for the subject property. Plaintiff contends that it was rebuffed by the title insurance company because the company figured the October 6, 2014, Judgment and Order did not properly extinguish all liens on the property. On March 5, 2015, Plaintiff filed the instant Motion to Vacate (Doc. 50).

## Standard of Review

Even though the Federal Rules of Civil Procedure do not officially recognize a "motion to vacate," courts generally construe such motions as being brought under Rule 59(e) or Rule 60(b). *Purchase v. Shawnee Cmty. Coll.*, 2014 WL 5317732, at *1 (S.D. Ill. Oct. 17, 2014). A Rule 60(b) motion allows a court to relieve a party from a final judgment or order due to (1) "mistake, inadvertence, surprise, or excusable neglect" and… (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b).

"To balance the availability of post-judgment relief with finality interests, the availability of Rule 60(b) relief is limited in several ways." *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013). First, relief under the subsection (6) catch-all category is limited to "extraordinary circumstances." *Id.* Second, a motion for relief must be made no later than one year after the entry of judgment. *See* FED. R. CIV. P. 60(c)(1). Third, because the decision to grant relief from judgment is closely related to the

circumstances of the judgment and the equities of a particular case, courts are given broad discretion to deny motions for relief from judgment. *See Mendez*, 725 F.3d at 657.

## Analysis

*A. The October 6, 2014, Order and Judgment*

The Court first addresses the October 6, 2014, Order and Judgment (Docs. 48 and 49, respectively). The Order, based primarily on the consent stipulation entered into between Plaintiff and Defendant Adams, vested absolute title to the mortgaged real estate in Plaintiff's name "free and clear of all claims, liens, and interests of the mortgagor and all who take an interest in the mortgaged property through them." Defendant Adams was ordered to vacate the property no later than December 10, 2014. In addition, after noting that summary judgment had been entered in Plaintiff's favor, the Court dismissed with prejudice all other named Defendants. The Judgment reflected the Order.

At issue is the manner in which Defendant HUD's interests were extinguished. Plaintiff asserts that the Court should exercise its discretion to vacate the Judgment under Rule 60(b)(1) because it was a mistake for it to request, and for the Court to grant, a consent foreclosure given that federal law requires that Defendant HUD's interest be terminated via a judicial sale. The Court agrees.

By statute, "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter to foreclose a mortgage or other lien upon." 28 U.S.C. § 2410(a)(2). However, "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, *must seek judicial sale*." 28 U.S.C. § 2410(c) (Emphasis added). Likewise, the

Illinois Mortgage Foreclosure Law, 735 ILCS §§ 5/15-1101 *et seq.*, also states that liens of the United States cannot be foreclosed without a judicial sale. *See* 735 ILCS 5/15-1402(a).

Summary judgment was granted in Plaintiff's favor because Defendant HUD conceded that its lien was subordinate to Plaintiff's. This concession, however, did not authorize the granting of a consent foreclosure. Rather, the proper avenue for extinguishing Defendant's HUD's interest is through a judicial sale and a judgment of foreclosure which lists and prioritizes all valid liens to protect Defendant HUD's claim as to any surplus funds realized from the sale of the subject property. Accordingly, given that Defendant HUD's interest cannot be extinguished by any means other than a judicial sale, this Court vacates the Order and Judgment entered on October 6, 2014.

B. *Defendants Caseyville and Adams*

The Court now turns to the remaining named Defendants. In the "Conclusion" section of Plaintiff's Motion, Plaintiff requests–almost as an afterthought–that the Court also vacate the March 31, 2014, Order (Doc. 34) which: (1) ordered that Plaintiff's Motion for Entry of Default would be treated as a motion for clerk's entry of default as to Defendants Adams and Caseyville; and (2) ordered that the docket would reflect that Plaintiff voluntarily dismissed the unknown owners and non-record claimants.

After the Clerk entered default against Defendants Caseyville and Adams, Plaintiff failed to move for default judgment against either party as required by Federal Rule of Civil Procedure 55. As a result, no judgment was ever entered regarding Defendant Caseyville. The basis for vacating the March 31, 2014, Order is unclear in

Plaintiff's Motion.  Accordingly, the Court will deny Plaintiff's Motion to the extent it seeks an Order vacating the March 31, 2014, Order.  Rather, the Court orders Plaintiff to file a motion for default judgment against Defendant Caseyville.

Finally, regarding Defendant Adams, the Court finds that the Stipulation of Consent Judgment entered into by Plaintiff and Defendant Adams is still a valid and enforceable agreement.  If Plaintiff disagrees, however, it may also move for default judgment against Defendant Adams.

## Conclusion

For the reasons set forth above, Plaintiff Bank of America, N.A.'s Motion to Vacate Judgment is **GRANTED** as to the October 6, 2014, Order and Judgment and **DENIED** as to the March 31, 2014, Order.  The Court **ORDERS** the following:

1. The October 6, 2014, Order (Doc. 48) and Judgment (Doc. 49) are **VACATED**;

2. The Stipulation for Entry of Consent Judgment (Doc. 47) entered into between Plaintiff and Defendant Adams remains in effect;

3. Plaintiff is **ORDERED** to move for default judgment as to Defendant Caseyville;

4. Plaintiff shall submit a new proposed judgment and order of foreclosure and sale to the Court; and

5. The Clerk is **ORDERED** to re-open this case so that this matter may proceed to a judicial sale.

**IT IS SO ORDERED.**

**DATED:  April 28, 2015**

s/ Nancy J. Rosenstengel\_\_\_\_
**NANCY J. ROSENSTENGEL**
**United States District Judge**
